# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MED-X GLOBAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WORLDWIDE INSURANCE SERVICES, LLC (T/N GEOBLUE), et al. <br><br> Defendants. | Civil Action No.: 17-cv-11742 (PGS) <br><br><br> MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before this Court on Plaintiff's motion for an Order to Show Cause with temporary restraint. [ECF No. 2].

I.

Med-X is an international billing agent whose principal business is processing medical insurance claims and receiving payment on behalf of medical providers who provide medical care to citizens of the United States while traveling abroad. (ECF 2-2 pg. 2).

Worldwide Insurance Services, LLC ("GeoBlue") is a corporation that has served as the administrative service provider for the Blue Cross and Blue Shield Association (BCBS) since January 1, 2017. In its capacity, GeoBlue assists BCBS's licensee insurance companies (the other Defendants in this matter) in their processing and payment of claims submitted by international providers. Additionally, GeoBlue assists BCBS insureds in identifying and selecting appropriate providers, including issuing guarantees of payment to international providers. (GeoBlue's Opp. pg. 2-3; Puccino's Decl. ¶4).

1

On November 16, 2017, Plaintiff Med-X Global, LLC, a medical billing agency, filed a complaint against Worldwide Insurance Services (hereinafter "GeoBlue" or "Defendant"), an insurance company third-party administrator, and a number of Blue Cross Blue Shield defendants that GeoBlue serves, for claims arising under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§1000-1461 (ERISA), for Defendants' failure to produce their administrative records relating to hundreds of health insurance claims and implicating ERISA, 29 U.S.C. §1024(b), 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1 (COUNT I). (ECF No. 1, Compl. ¶1). Pursuant to Title 29, Plaintiff seeks Defendant to be assessed a penalty in the amount of $110/ per day from the beginning of the violation period which began accruing on July 31, 2017. (Compl. ¶58). The action also sets forth claims for an immediate need for Defendants to be temporarily restrained, pursuant to Fed. R. Civ. P. 65, from attempting to put the medical billing agency industry, and Plaintiff in particular, out of business, allegedly causing irreparable harm to Plaintiff, Plaintiff's international medical provider clients, and United States citizens receiving medical care from Plaintiff's international medical provider clients in the process (COUNT II). (Id.)[1]

On the same day as the Complaint was filed, Plaintiff also filed a motion for a temporary restraining order (TRO), reaffirming the basis set forth in Count II of the Complaint. The TRO specifically requested temporary restraint of Defendants from refusing to accept claims for medical benefits from the Plaintiff on behalf of foreign medical providers that have engaged the Plaintiff for medical billing and ordering the Defendants to show cause why a preliminary injunction should not be issued. Plaintiff supports that the temporary relief is necessary "to halt Defendants'

---

[1] On December 12, 2017, Plaintiff filed an amended complaint adding a Third Count for Tortious Interference. Given the timing of the filing, which came the night before oral argument was held, the Court does not consider the amended complaint in reviewing the Order to Show Cause.

2

unlawful conduct and to preserve the status quo pending this Court's ability to issue full and final relief to the parties." (ECF No. 2, TRO pg. 2). A motion to show cause for a temporary restraining order and preliminary injunction was set to be heard on November 30, 2017. (ECF No. 4). However, Parties came to a temporary agreement with regard to the emergency petition and the application for a temporary restraining order, and consequently, the order to show cause was reset for a hearing on December 13, 2017. (ECF No. 12).

On December 13, 2017, the Court held oral argument on the motion. There, the Parties clarified that temporary restraint was primarily sought against Defendant GeoBlue.

## II.

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances[,]" *Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). The decision to grant a preliminary injunction is within the sound discretion of the district court. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391, 394, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006); *see, e.g*., *Abbott Labs. v. Andrx Pharms., Inc*., 452 F.3d 1331, 1334 (Fed. Cir. 2006); *Amazon.com, Inc. v. Barnesandnoble.com, Inc*., 239 F.3d 1343, 1350 (Fed. Cir. 2001).

"The Court examines the following four factors in determining whether injunctive relief should be granted: (1) whether the movant has shown a reasonable likelihood of success on the merits; (2) whether the movant will be irreparably harmed by denial of the injunctive relief sought; (3) whether the injury to the movant in the absence of injunctive relief outweighs the possible harm to the non-movant if the injunction is granted; and (4) the impact of a preliminary injunction on the public interest." *ADP, LLC v. Jacobs*, 2015 U.S. Dist. LEXIS 103207, *8 (D.N.J. Aug. 5, 2015) (citing *Abbott Labs*., 452 F.3d at 1334). The movant bears the burden of showing that the

injunction sought should be issued. *Id.* "A movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm. [] However, the Court must generally weigh all four factors in determining whether to grant an injunction." *Id.* (citations omitted).

III.

The first area of inquiry is the likelihood of the movant's success. Here, Plaintiff argues likelihood of success on the merit because Defendants have no justifiable bias for refusing to allow foreign medical providers to utilize the Plaintiff's services. (Pl. Br. pg. 5).

GeoBlue counters by pointing out that there is no contract between them and Med-X. (Def. Opp. pg. 7). GeoBlue is an affiliate of the other BCBS Defendants, and its actions are to best serve the subscribers of BCBS in the most efficient, cost effective manner. Defendant also supports that damages foreseen by Plaintiff as a result of the policy change are only speculative at this time. (Def. Opp. pg. 9). GeoBlue's activity is lawful and should not be halted solely based on incidental harm that might be likely.

Secondly, Plaintiff must prove that it will suffer irreparable harm should the TRO not be granted. Here, Plaintiff argues that its relationship with clients will be crippled without the entry of the restraints. Plaintiff reasons that if its clients, medical providers, can no longer submit claims and be paid through the Plaintiff, they will be forced to bill their claims internally. Once they begin billing internally for GeoBlue claims, they would being billing all of their claims internally, which would ultimately put the Plaintiff out of business. (Pl. Br. pg. 6.)

Plaintiff attempts to disguise the monetary nature of the claims behind humanitarian causes, by pointing to the possible dangers to American citizens abroad as a consequence of Defendant's actions. However, the damages alleged in this claims are primarily monetary. Plaintiff is

fundamentally alleging that Defendants are taking business away from them by engaging in the same activity. Should Plaintiff suffer any monetary damages, these will not constitute irreparable harm. *See Glasco v. Hills*, 558 F.2s 179, 181 (3d Cir. 1977) ("Irreparable injury is suffered where monetary damages are difficult to ascertain or are inadequate.")

As per the third factor, the Court will look at the irreparable injury to the enjoined party. Plaintiff contends that there will be no harm or injury to Defendant GeoBlue or any other Defendant. The process that Plaintiff is attempting to enforce is one that had been set in place for years and enforcement will not cost Defendants any additional amount of money. (Pl. Br. pg. 7).

GeoBlue argues that an injunction will force it to create procedural exceptions for Med-X, disrupting the administrative process, which would not be a simple task. (Def. Opp. pg. 10).

Lastly, the Court reviews whether public interest will be served. Here, Plaintiff argues that since the providers often require large cash deposits before rendering services to American patients, this puts people at risk. Plaintiff argues that if medical providers were confident that an American billing agent, such as Plaintiff, would be able to file and process the insurance claims for treatment, treatment would be provided immediately, eliminating risks caused by delays in providing services to American citizens.

The Court disagrees. GeoBlue appears to provide the same intermediary service that Plaintiff has provided to insurers in the past. Public interest will not be impacted as long as a third party administrator is capable of resolving issues with foreign medical providers and the insurance company. Thus, the TRO would not benefit the public interest but simply advance Plaintiff's monetary interest.

At this time, Plaintiff has not met its burden to prove that a TRO is necessary. Plaintiff has not shown likelihood of success on the claims and has not shown that Med-X will incur irreparable

harm without injunctive relief. Further, imposing a restraining order would disrupt Defendant's business practices without benefitting the public interest. For those reasons, the TRO requested is DENIED.

ORDER

This matter is before the Court on Plaintiff's motion for Order to Show Cause with temporary restraint. [ECF No. 2]; the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 8th day of January, 2018;

**ORDERED** that Plaintiff's motion for Order to Show Cause with temporary restraint. [ECF No. 2] is denied without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.