Jonathan L. Israel
Douglas S. Heffer (admitted *pro hac vice*)
Benjamin I. Bassoff (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York 10016
Tel.: (212) 682-7474
Fax: (212) 687-2329

*Attorneys for Defendant*
*Worldwide Insurance Services, LLC (T/N GeoBlue)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MED-X GLOBAL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WORLDWIDE INSURANCE SERVICES, LLC (T/N GEOBLUE), *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 3:17-cv-11742-PGS-TJB |

**GEOBLUE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
<u>MED-X'S FIRST AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................. 1

PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL BACKGROUND ............................................................................ 4

ARGUMENT ..................................................................................................... 6

**I.     Legal Standard** ..................................................................................... 6

**II.    Count I Should be Dismissed Because Med-X Fails Adequately to Allege Any ERISA Violations** ......................................................... 7

      A.    *Med-X Fails Adequately to Allege GeoBlue is the Proper Party for an ERISA Penalties Claim* ........................................ 7

      B.    *Med-X's Allegation that GeoBlue is the De Facto Plan Administrator is Insufficient to Create Liability* ........................ 10

      C.    *Med-X Fails to Identify Any ERISA Provision Requiring GeoBlue to Disclose Administrative Record Documents* ......... 11

      D.    *The Penalties Sought by Med-X May Not Be Imposed Based on a Failure to Provide the Administrative Record* ................... 12

**III.   Count III for Tortious Interference with Business Relations Should be Dismissed Because Med-X Fails Adequately to Plead Key Elements of the Claim** ....................................................... 13

      A.    *Med-X Fails Plausibly to Allege GeoBlue Acted with Malice or Without Reasonable Justification* .................................. 14

      B.    *Med-X Fails Plausibly to Plead Damages* ......................... 16

CONCLUSION ................................................................................................ 18

# **TABLE OF AUTHORITIES**

**Cases**                                                                                   **Page(s)**

*Advanced Oral Techs., L.L.C. v. Nutres Research, Inc.*,
    No. 10-5303 (DRD), 2011 WL 198029 (D.N.J. Jan. 20, 2011).........................................15, 17

*Am. Millennium Ins. Co. v. First Keystone Risk Retention Grp., Inc.*,
    332 F. App'x. 787 (3d Cir. 2009) ...........................................................................17

*Arzoomanian v. British Telecomms., PLC*,
    No. CIV A 03-374 PGS, 2007 WL 132983 (D.N.J. Jan. 12, 2007)........................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................6

*Atl. Spinal Care v. Aetna*,
    No. 12-6759 KSH CLW, 2014 WL 1293246 (D.N.J. Mar. 31, 2014)....................................9

*Campo v. Oxford Health Plans, Inc.*,
    No. 06-4332 (JBS), 2007 WL 1827220 (D.N.J. June 26, 2007).............................................10

*Cargill Glob. Trading v. Applied Dev. Co.*,
    706 F. Supp. 2d 563 (D.N.J. 2010) .......................................................................15

*Cedar Ridge Trailer Sales, Inc. v. Nat'l Cmty. Bank of N.J.*,
    711 A.2d 338 (N.J. Super. Ct. App. Div. 1998).........................................................15

*Cohen v. Horizon Blue Cross Blue Shield of N.J.*,
    No. 2:13-CV-03057 (JLL)(JAD), 2013 WL 5780815 (D.N.J. Oct. 25, 2013) .........................9

*Diversified Indus., Inc. v. Vinyl Trends, Inc.*,
    No. 13-6194 (JBS/JS), 2014 WL 1767471 (D.N.J. May 1, 2014)...........................................6

*E. Penn Sanitation, Inc. v. Grinnell Haulers, Inc.*,
    682 A.2d 1207 (N.J. Super. Ct. App. Div. 1996)....................................................14

*Erbe v. Billeter*,
    No. 06-113, 2007 WL 2905890 (W.D. Pa. Sept. 28, 2007)................................................7, 9

*Graco Inc. v. PMC Glob., Inc.*,
    No. 08–1304, 2012 WL 762448 (D.N.J. Mar. 6, 2012)..................................................16, 17

*Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp. &
    Subsidiaries*,
    803 F.2d 109 (3d Cir. 1986)..............................................................................13

*Harper-Lawrence, Inc. v. United Merchs. and Mfrs., Inc.*,
    619 A.2d 623 (N.J. Super. Ct. App. Div.), *cert. denied,* 634 A.2d 525 (N.J.
    1993) ........................................................................................................................15

*Lamorte Burns & Co. v. Walters*,
    770 A.2d 1158 (N.J. 2001)........................................................................................15

*Lee v. ING Groep, N.V.*,
    829 F.3d 1158 (9th Cir. 2016) ..................................................................................12

*Markert v. PNC Fin. Servs. Grp. Inc.*,
    828 F. Supp. 2d 765 (E.D. Pa. 2011) .......................................................................11

*Metromedia Energy, Inc. v. Griffin*,
    No. 10-1692 (JAP), 2011 WL 4343801 (D.N.J. Sept. 13, 2011)...............................17

*Mondry v. Am. Family Mut. Ins. Co.*,
    557 F.3d 781 (7th Cir. 2009) ......................................................................................9

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997).........................................................................................6

*Narducci v. Aegon USA, Inc.*,
    No. 10-CV-00955 (DMC) (JAD), 2010 WL 5325643 (D.N.J. Dec. 15, 2010) .........9

*Piscopo v. Pub. Serv. Elec. & Gas Co.*,
    650 F. App'x 106 (3d Cir. 2016) .................................................................................8

*Printing Mart-Morristown v. Sharp Elecs. Corp.*,
    563 A.2d 31 (N.J. 1989)....................................................................................13, 16

*Saget v. Wells Fargo Bank, N.A.*,
    No. 2:13-03544 (WJM), 2013 WL 6188638 (D.N.J. Nov. 26, 2013) .....................16

*Segura v. Dr. Reddy's Labs., Inc.*,
    No. 11-6188 (MLC), 2012 WL 6772060 (D.N.J. Dec. 21, 2012) ...........................11

*Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp.*,
    50 F. Supp. 3d 647, 656 (D.N.J. 2014) .......................................................................9

*Storis, Inc. v. GERS Retail Sys., Inc.*,
    No. 94-4400, 1995 WL 337100 (D.N.J. May 31, 1995).........................................17

*Vosough v. Kierce*,
    97 A.3d 1150 (N.J. Super. Ct. App. Div. 2014)......................................................14

*In re Wargotz v. NetJets, Inc.*,
    No. 09-4789 (WJM), 2010 WL 1931247 (D.N.J. May 13, 2010) ..................7, 8, 10

**Statutes**

29 U.S.C. § 1002(3) ....................................................................................................12

29 U.S.C. § 1002(16)(A)..............................................................................................8

29 U.S.C. § 1024(b) ............................................................................................5, 7, 11

29 U.S.C. § 1132(c) ...........................................................................................5, 7, 12

ERISA § 502(c)........................................................................................................7, 9

ERISA § 503 ...............................................................................................................12

**Other Authorities**

29 C.F.R. § 2560.503-1(h)......................................................................................12, 13

29 C.F.R. § 2575.502c-1 .........................................................................................5, 7

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1

Restatement (Second) of Torts....................................................................................13

## INTRODUCTION

Defendant Worldwide Insurance Services, LLC (T/N GeoBlue) ("GeoBlue") submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff Med-X Global, LLC's ("Med-X") First Amended Complaint (the "FAC"), in its entirety, with prejudice, and for such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

Through the FAC, Med-X improperly attempts to impose upon GeoBlue a variety of obligations that find no basis in the law or equity. Med-X's allegations amount to little more than a vague dissatisfaction with the manner in which GeoBlue is contractually obligated to assist the Blue Cross and Blue Shield insurers with the processing of all medical claims it receives (including those submitted by Med-X). Flailing for a target to vent these frustrations, Med-X appears to have settled on GeoBlue as its primary punching bag. It assails GeoBlue with a barrage of legal volleys, including the surreal allegation that GeoBlue is racially discriminating against Mexican healthcare providers by requiring them to submit original billing documents— documents GeoBlue needs to confirm the accuracy of the billed charges.

Tellingly, Med-X does not challenge the handling of any specific claim. Rather, the sole remedy it seeks with respect to these claims (which number in the hundreds) is to recover administrative penalties under ERISA for GeoBlue's purported failure timely to provide Med-X with copies of administrative record documents relating to claims that were being processed. Strikingly, Med-X appears not to be genuinely interested in actually receiving the requested documents, but instead aspires to leverage this meritless lawsuit to obtain quick settlements from the insurance company defendants.

Ultimately, Med-X fails to land any of these punches, as it falls well short of pleading *any* cognizable claim for relief.

While the FAC contains three counts, Count II does not state any substantive legal claim, but merely summarizes Med-X's application for a temporary restraining order (the "Application"), which this Court has denied. Thus, the FAC contains only two legal claims: one for administrative penalties pursuant to ERISA (Count I), and a second, hastily-added claim for tortious interference with business relations (Count III). As shown *infra*, neither is adequately pled, nor states a claim for which relief may be granted.

Count I seeking ERISA penalties fails, first, because it seeks penalties from a party against whom such penalties may not be imposed under the statute. It asserts that GeoBlue failed timely to supply Med-X with documents that Med-X asserts make up the "administrative record" for each claim. But GeoBlue has no obligation, under ERISA, to produce any of these documents. This is because the ERISA provisions Med-X cites impose disclosure requirements only on the ERISA plan administrator, and, despite Med-X's skeletal and factually incorrect allegation to the contrary, GeoBlue is not a plan administrator with respect to any ERISA plan. Accordingly, GeoBlue is not the proper defendant for such a claim, and Med-X does not, and cannot, adequately plead that GeoBlue is required to produce any documents, or that it should be penalized for failing to comply with Med-X's improper requests.

Second, while Med-X pleads, in the alternative, that GeoBlue is the "de facto" plan administrator, it offers no factual allegations to support this characterization. Even if assumed true, this argument is unavailing as the Third Circuit has found that ERISA penalties are available only against plan administrators, and that labeling a party "de facto" administrator does

not bestow that entity with any ERISA disclosure obligations. Accordingly, this ground cannot support a claim for administrative penalties.

Third, Med-X fails to plead what, if any, statutory provision requires GeoBlue to produce documents comprising the "administrative record" for each of the medical claims at issue, as the statutory provisions it cites only require production of benefit plan documents, not claims records. Thus, Count I should be dismissed to the extent that it seeks penalties on this ground because Med-X wholly fails to identify the legal underpinnings for this claim.

Lastly, Med-X fails whatsoever to plead that GeoBlue is an ERISA benefit plan, the only entity required under ERISA to produce administrative record documents. And, even if Med-X had so pleaded, this could not entitle it to ERISA penalties, as the penalty provision only applies to plan administrators, not benefit plans.

Count III fails even to strike a glancing blow. It consists of a hastily-added claim for tortious interference with business relations, which improperly seeks to prevent GeoBlue from implementing several policy changes in the way it receives and manages medical claims submitted by Med-X. This Court denied Med-X's TRO Application which sought to enjoin GeoBlue from implementing these very same policy changes, holding that the policy changes are lawful. This claim should be dismissed because it hinges on threadbare allegations that merely track the black-letter elements of a tortious interference claim—the same factual allegations that this Court held fail to show a likelihood of success on the merits when it denied Med-X's Application. In particular, Med-X fails to allege facts sufficient to support its assertion that GeoBlue acted with "malice," the key element of a tortious interference claim, or that GeoBlue lacks a "reasonable justification" for its policy changes. Further, this claim should be dismissed

because Med-X fails to identify any particular client it either has lost or will lose as a result of GeoBlue's actions, and so fails adequately to plead damages.

For these reasons, neither of the legal claims in the FAC is adequately pleaded, and both should be dismissed, with prejudice.

## FACTUAL BACKGROUND

Med-X is a third-party medical billing agent that offers billing services for international medical providers. FAC ¶ 42. Among these services, Med-X collects and formats medical claims from international providers and then submits them to GeoBlue and U.S.-based insurers for processing and reimbursement. *Id.* ¶¶ 42-46. GeoBlue (beginning in January 2017) has served as a provider of a limited scope of administrative services to Blue Cross and Blue Shield licensees with respect to claims submitted by international medical providers. GeoBlue acts in that capacity pursuant to a service contract it entered into with the Blue Cross and Blue Shield Association ("BCBSA"). Contrary to Med-X's allegations, this contract makes clear that such services do not include determining when a claim is payable and, if so, in what amount.

On November 16, 2017, Med-X filed a Complaint with an application for a temporary restraining order and preliminary injunction. Dkt. Nos. 1-2. The Complaint contained two counts: one to recover administrative penalties under ERISA (Count I), and a second seeking a temporary restraining order and preliminary injunction (Count II).[1] Dkt. No. 1, ¶¶ 54-63. On

---

[1] Count II does not allege a substantive legal claim, but rather describes Med-X's Application for a temporary restraining order and preliminary injunction which Med-X submitted as an attachment to the Complaint, and which the Court subsequently denied. *See* FAC ¶¶ 59-63. GeoBlue separately responded to the Application (and, accordingly, to Count II, as it first appeared in the Complaint) by way of a memorandum submitted on November 7, 2017. Dkt. No. 29. This Court held a hearing on the TRO on December 13, 2017, and issued an order denying the TRO on January 8, 2018 (Dkt. No. 74). Accordingly, this Motion does not address Count II of the FAC.

December 12, 2017, Med-X amended its Complaint to add a claim for tortious interference with business relations (Count III or the "Tortious Interference Claim"), but left the balance of the Complaint unchanged. *See generally* FAC. Med-X admits it added this claim solely to salvage its Application, which was previously unmoored from any of the legal claims asserted in the Complaint. Dkt. No. 52 at 3.

Count I of the FAC seeks to recover administrative penalties under ERISA, which, Med-X asserts, are due pursuant to 29 U.S.C. § 1024(b), 29 U.S.C. § 1132(c)(1), and 29 C.F.R. § 2575.502c-1. FAC ¶¶ 54-55. Med-X alleges, without *any* factual support whatsoever, that GeoBlue is either a plan administrator, claim administrator, or a "de facto" plan administrator, and therefore is obligated to produce documents relevant to patient benefit plans, along with documents comprising the "administrative record" for various medical claims. *Id.* ¶ 57. It further purports that GeoBlue is liable for administrative penalties under ERISA because Med-X sent GeoBlue letter requests for the production of these documents (*id.* ¶ 48) , and that GeoBlue failed timely to comply (*id.* ¶¶ 56, 58).[2]

Count III of the FAC seeks to recover damages for tortious interference with business relations. *Id.* ¶¶ 64-76. Med-X alleges that certain policy changes[3] GeoBlue plans to implement with respect to the manner in which it receives and processes medical claims submitted by Med-X will impair Med-X's relationship with international medical providers (Med-X's clients). *Id.* ¶¶ 65-68, 74. Med-X further asserts, without offering a shred of factual support, that these new

---

[2] The actual requests made by Med-X were limited to "the entire administrative record." *Id.* ¶ 48.

[3] Med-X's Application for a temporary restraining order, which this Court denied, sought to prevent GeoBlue from implementing these same policy changes.

policies were undertaken with "malice" to cut costs for GeoBlue and its affiliated insurance carriers, and to bankrupt the third-party billing agent industry. *Id.* ¶ 71.

As explained below, neither of these claims is adequately pleaded, and both should be dismissed, with prejudice.

## ARGUMENT

### I.     Legal Standard

A motion to dismiss should be granted if "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face." *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194 (JBS/JS), 2014 WL 1767471, at *3 (D.N.J. May 1, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). When considering the sufficiency of the pleadings, "a court need not credit [] 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted).

A pleading cannot merely check the boxes in a formulaic recitation of the elements of a claim, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Pleading facts that are merely "consistent with" liability is insufficient to survive a motion to dismiss. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

For the reasons explained below, each claim in the FAC fails to satisfy this pleading burden, and should be dismissed, with prejudice.

## II.    Count I Should be Dismissed Because Med-X Fails Adequately to Allege Any ERISA Violations

### A.    *Med-X Fails Adequately to Allege GeoBlue is the Proper Party for an ERISA Penalties Claim*

"In order to state a claim for relief under Section 1132(c)(1)(B), Plaintiff must prove that: (1) [it] is a plan participant or beneficiary; (2) the request for information [] fall[s] within the purview of the ERISA disclosure requirements, as determined by the plan administration exercising careful discretion; and (3) the administrator failed to provide the requested documents within 30 days of a written request." *Erbe v. Billeter*, No. 06-113, 2007 WL 2905890, at *7 (W.D. Pa. Sept. 28, 2007); *In re Wargotz v. NetJets, Inc.*, No. 09-4789 (WJM), 2010 WL 1931247, at *3 (D.N.J. May 13, 2010) (same).  Med-X fails adequately to state a claim for relief under this section because it fails to allege facts supporting the conclusion that GeoBlue is a plan administrator within the meaning of ERISA.

In support of this claim, Med-X cites two prescriptive ERISA provisions,[4] both of which impose obligations only on benefit plan *administrators*.  The first section, 29 U.S.C. § 1024(b)(4) provides, in relevant part, that "[t]he *administrator* shall, upon written request . . . furnish a copy of the latest updated summary, [sic] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  Similarly, 29 U.S.C. § 1132(c)(1) (enacted as ERISA § 502(c)) provides that "any *administrator* . . . who fails or refuses to comply with a request for any information which such *administrator* is required by this subchapter to furnish" shall be liable for statutorily-prescribed penalties. (emphases added); *see also In re Wargotz*,

---

[4] The third provision Med-X cites (29 C.F.R. § 2575.502c-1) does not prescribe any behavior, but merely increases the amount of the penalty allowable under 29 U.S.C. § 1132(c)(1).

2010 WL 1931247, at *5 (observing that 29 U.S.C. § 1132(c) "by its terms, applies to plan administrators").

Under ERISA, the title of "administrator" has a specific statutory meaning, and applies only to: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A).

Med-X does not, and cannot, allege that GeoBlue meets any of these criteria. The sole allegation in the FAC purporting that GeoBlue is a plan administrator is the bare legal conclusion that GeoBlue "absolutely is the plan and / or claim administrator." FAC ¶ 57. However, "[s]imply stating that [a defendant] is the administrator is conclusory and not sufficient to state a claim for relief that is plausible on its face." *Piscopo v. Pub. Serv. Elec. & Gas Co.*, 650 F. App'x 106, 110 (3d Cir. 2016) (affirming dismissal of claim for ERISA penalties because plaintiff "failed to allege any facts demonstrating that [defendant was] the plan administrator"). In order to be the plan administrator with respect to any specific ERISA plan, GeoBlue would have to be so designated by the plan sponsor. Med-X has not alleged, nor can it plausibly allege, that any plan sponsor has so designated GeoBlue or that GeoBlue has any legal relationship with any plan sponsor.

Further, this allegation belies the simple truth that GeoBlue, in fact, is not the plan administrator for any plan whose medical claims are at issue in the FAC.[5] The district courts of the Third Circuit are unanimous in holding that only a party who is a plan administrator can be

---

[5] GeoBlue is merely a service provider that plays no role in making actual reimbursement determinations and has no direct financial interest in any of the medical claims at issue. *See supra* at 3-4.

held liable for penalties under ERISA § 502(c), and these courts routinely dismiss penalties claims levied against non-administrators, as is the case here. *Atl. Spinal Care v. Aetna*, No. 12-6759 KSH CLW, 2014 WL 1293246, at *13 (D.N.J. Mar. 31, 2014) (holding that defendant cannot be held liable because the summary plan description clearly identified the employer as the plan administrator); *Narducci v. Aegon USA, Inc.*, No. 10-CV-00955 (DMC) (JAD), 2010 WL 5325643, at *3 (D.N.J. Dec. 15, 2010) (holding that defendant cannot be liable under ERISA § 502(c) because defendant was the claims administrator, not the plan administrator); *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 2:13-CV-03057 (JLL)(JAD), 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013) (dismissing plaintiff's claim after determining that a party who is not the plan administrator cannot be held liable under ERISA § 502(c)(1)(B)); *Erbe*, 2007 WL 2905890, at *8 (dismissing claim for administrative penalties against non-administrator defendant because it was "not the named plan administrator [and accordingly] not the proper party to be sued for a violation of Section 1132(c)").

For this reason, even Med-X's conclusory allegation that GeoBlue might be the claims administrator (FAC ¶ 57) could not (if assumed true) confer liability under this section. *Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp.*, 50 F. Supp. 3d 647, 656 (D.N.J. 2014); *see also Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("[L]iability under section 1132(c)(1) is confined to the plan administrator and [courts] have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek."); *Cohen*, 2013 WL 5780815, at *9 ("As [defendant] is not the administrator, it cannot be held liable under 29 U.S.C. § 1132(c)(1)(B).").

Accordingly, since Med-X fails plausibly to allege, and, in fact, cannot allege, that GeoBlue is the plan administrator, its claim for administrative penalties under ERISA should be dismissed.

B.     *Med-X's Allegation that GeoBlue is the De Facto Plan Administrator is Insufficient to Create Liability*

As if to highlight the fact that Med-X does not have sufficient facts to plausibly state GeoBlue is the proper party for an ERISA penalties claim, Med-X adds "and/or" to allege various other legal roles it believes might be sufficient to confer liability, including that GeoBlue might be the "de facto" plan administrator.   While equally conclusory as Med-X's allegation that GeoBlue is the plan administrator, this too could not support liability under ERISA, even if it were assumed true.

The district courts of the Third Circuit, following the vast majority of Federal Courts of Appeals that have ruled on this issue, refuse to "recognize[] a non-administrator as the *de facto* plan administrator that can be held liable under Section 502(c) . . . [because] [t]o do so would require the [c]ourt to ignore the statutory language that imposes a duty on the plan's 'administrator' alone."   *Campo v. Oxford Health Plans, Inc.*, No. 06-4332 (JBS), 2007 WL 1827220, at *5 (D.N.J. June 26, 2007) (collecting cases from the Second, Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Courts of Appeals holding that only a plan administrator, and not a "de facto" administrator, can be held liable for administrative penalties under ERISA § 502(c)); *In re Wargotz*, 2010 WL 1931247, at *5 (dismissing claim for administrative penalties brought against a non-administrator, and refusing to recognize defendant as a "de facto" administrator for purposes of ERISA).

Accordingly, Med-X's bare allegation that GeoBlue might be a "de facto" administrator is unavailing and could not support a claim for administrative penalties under ERISA.

10

C.    *Med-X Fails to Identify Any ERISA Provision Requiring GeoBlue to Disclose Administrative Record Documents*

As explained in section II., A., *supra*, the only ERISA provision describing documents a plan administrator is required to disclose, and which is cited in the FAC, is 29 U.S.C. § 1024(b). FAC ¶¶ 48, 54.  This section provides that, upon request, a plan administrator is required to disclose "a copy of the latest updated summary, [sic] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(B)(4).  Notably, this provision does not require disclosure of the "administrative record" or communications (such as emails and audio recordings) pertaining to the administration of purported medical claims, the gravamen of Med-X's letter request underlying its penalties claim.  *See* FAC ¶ 48.

Failure to plead the particular ERISA provisions requiring disclosure of requested information warrants dismissal of any penalties claim predicated on purported failures to disclose that information.  *Segura v. Dr. Reddy's Labs., Inc.*, No. 11-6188 (MLC), 2012 WL 6772060, at *10 (D.N.J. Dec. 21, 2012) (dismissing ERISA penalties claim because plaintiff "failed to include in his allegations a specific identification of what ERISA sections relate to the requested information."); *Markert v. PNC Fin. Servs. Grp. Inc.*, 828 F. Supp. 2d 765, 781 (E.D. Pa. 2011) (dismissing claim for ERISA penalties because "[p]laintiffs fail[ed] to identify the corresponding provision within the statute that relates to the [information] they requested").

Accordingly, to the extent the FAC seeks penalties for failure to provide the administrative record, it should be dismissed.

D.    *The Penalties Sought by Med-X May Not Be Imposed Based on a Failure to Provide the Administrative Record*

Regulations under ERISA require a benefit plan to provide documents constituting the administrative record related to the denial of a claim as part of a participant's right to appeal and receive a full and fair review of the benefit denial.  *See* 29 C.F.R. § 2560.503-1(h)(2)(iii) (requiring "employee benefit plan[s]" to "[p]rovide that a claimant shall be provided, upon request . . . all documents, records, and other information relevant to the claimant's claim for benefits").  Med-X's penalties claim, the gravamen of which relates to GeoBlue's purported failure to provide Med-X with the "administrative record" for various medical claims that were being processed, fails for a number of reasons.

First of all, as discussed above, the penalties sought by Med-X are imposed on the plan administrator, but the obligation to provide the administrative record is imposed on the benefit plan[6] pursuant to ERISA § 503 and the regulations promulgated thereunder.  *Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1161 (9th Cir. 2016) (observing that 29 C.F.R. § 2560.503-1(h) "imposes requirements on benefits *plans* not on *plan administrators*").  The courts in every circuit that have confronted this issue have held that the penalties Med-X seeks cannot be granted based on violations of disclosure obligations under ERISA § 503 (and its corresponding regulations).  *Id.* at 1161 (collecting cases).  Accordingly, failure to furnish documents comprising the administrative record could not trigger the penalties under 29 U.S.C. § 1132(c) that Med-X

---

[6] For purposes of ERISA, the role of the benefit plan is defined to mean "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan."  29 U.S.C. § 1002(3).  However, the FAC is devoid of any allegations that GeoBlue is a benefit plan for the purposes of any of the medical claims at issue.  Med-X alleges only that GeoBlue is either the plan administrator, the claim administrator, or the "de facto" plan administrator.  FAC ¶ 57.  It does not, and cannot, allege that GeoBlue is the employee benefit plan within the meaning of ERISA.

seeks. *Id.* ("[F]ailure to follow claims procedures imposed on benefits plans, as outlined in 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1, cannot give rise to a penalty under 29 U.S.C. § 1132(c)(1)."); *see also Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp. & Subsidiaries*, 803 F.2d 109, 116 (3d Cir. 1986) ("Section 502(c) provides for personal sanctions against *plan administrators* for certain breaches of their statutory duties. It does not provide for sanctions against [benefit] plans.") (emphasis added).

Second, the plan's obligation to provide a copy of the administrative record only arises once there has been an adverse benefit determination with respect to a claim. That obligation has *not* arisen for any of the claims at issue that have not yet been decided. Had they been, assuming it was properly authorized, Med-X could have filed an appeal (on a claim-by-claim basis) and requested the administrative record as part of that appeal.[7] However, Med-X had no right to request the administrative record with respect to claims which were being reviewed before there had been an initial benefit determination made with respect to the claim. 29 C.F.R. § 2560.503-1(h) ("Appeal of Adverse Benefit Determinations").

Thus, Med-X fails to allege that GeoBlue is a benefit plan required to produce the administrative record, and could not recover penalties against GeoBlue even if this were true.

## III. Count III for Tortious Interference with Business Relations Should be Dismissed Because Med-X Fails Adequately to Plead Key Elements of the Claim

Under New Jersey law,[8] "'[t]he tort of interference with a business relation [] contains four elements: (1) a protected interest; (2) malice—that is, defendant's

---

[7] Further, each of these appeals would need to have been separately adjudicated by the respective Blue Cross and Blue Shield plan, not GeoBlue.

[8] This brief assumes New Jersey law governs Med-X's claim for tortious interference with business relations. Even if this assumption proves to be false, it would not change the analysis or outcome, as the New Jersey version closely tracks the version described in the Restatement (Second) of Torts, which is widely embraced by a variety of jurisdictions. *See*

intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages.'" *Vosough v. Kierce*, 97 A.3d 1150, 1159 (N.J. Super. Ct. App. Div. 2014) (quoting *DiMaria Constr., Inc. v. Interarch,* 799 A.2d 555, 555-56 (N.J. Super. Ct. App. Div. 2001), *aff'd*, 172 N.J. 182, 797 A.2d 137 (N.J. 2002)).

The gravamen of Med-X's Tortious Interference Claim is that several policy changes GeoBlue plans to implement with respect to the manner in which it accepts and processes medical claims submitted by Med-X will adversely affect Med-X's relationship with (unspecified) international medical providers (Med-X's clients). Notably, this Court denied Med-X's TRO Application seeking to prevent these very policy changes because, it concluded, "GeoBlue's activity is lawful and should not be halted solely based on incidental harm" to Med-X. Dkt. No. 74 at 4. As explained *infra*, Med-X fails plausibly to show how this clearly lawful conduct amounts to tortious interference with business relations, failing sufficiently to allege several key elements of the claim, including malice, lack of reasonable justification, and damages.

A.    *Med-X Fails Plausibly to Allege GeoBlue Acted with Malice or Without Reasonable Justification*

First, Med-X fails plausibly to plead malice, the principal element of a tortious interference claim. *E. Penn Sanitation, Inc. v. Grinnell Haulers, Inc.*, 682 A.2d 1207, 1218 (N.J. Super. Ct. App. Div. 1996). Under well-established principles of New Jersey law, conduct is

---

*Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989) (examining the definition of intentional interference with business relations recited in the restatement, and noting it is "substantially similar" to New Jersey's test).

malicious if it is both "injurious and transgressive of generally accepted standards of common morality or of law." *Harper-Lawrence, Inc. v. United Merchs. and Mfrs., Inc.,* 619 A.2d 623, 630 (N.J. Super. Ct. App. Div.), *cert. denied,* 634 A.2d 525 (N.J. 1993) (internal quotation marks and citation omitted); *Arzoomanian v. British Telecomms., PLC*, No. CIV A 03-374 PGS, 2007 WL 132983, at *11 (D.N.J. Jan. 12, 2007) (same) (Sheridan, J.). "[C]onduct that is fraudulent, dishonest, or illegal" clearly evinces malice. *Lamorte Burns & Co. v. Walters*, 770 A.2d 1158, 1170–71 (N.J. 2001) (affirming on summary judgment grant of claim for tortious interference where a former employee used his former employer's proprietary information to secretly solicit the employer's clients).

However, Med-X fails to plead any facts showing that GeoBlue's proposed policy changes transgress generally accepted moral or legal standards, let alone constitute fraud or dishonesty. Med-X's only allegations concerning malice can be summarized as follows: GeoBlue's planned policy changes serve its own financial interest, to the detriment of third-party medical billing agents. FAC ¶ 71. These allegations cannot plausibly show malice because "[a] party's actions in its own interest and for its own financial benefit will not rise to the level of malice." *Cargill Glob. Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 576 (D.N.J. 2010); *Cedar Ridge Trailer Sales, Inc. v. Nat'l Cmty. Bank of N.J.*, 711 A.2d 338, 345 (N.J. Super. Ct. App. Div. 1998) (same); *see also Lamorte*, 770 A.2d at 1170–71 ("[W]here a plaintiff's loss of business is merely the incident of healthy competition, there is no compensable tort injury."). Accordingly, dismissal is appropriate because Med-X "pleads no facts that would suggest a deliberate campaign . . . to undermine [plaintiff's] business." *Advanced Oral Techs., L.L.C. v. Nutres Research, Inc.*, No. 10-5303 (DRD), 2011 WL 198029, at *9 (D.N.J. Jan. 20, 2011). Further undercutting its own allegations, Med-X admits that GeoBlue sent advance letter notice

15

to Med-X (FAC ¶ 69) describing the planned policy changes, even though GeoBlue had no legal obligation to do so.  This candor underscores the *absence* of malice.

Second, Med-X fails adequately to allege that GeoBlue lacks a reasonable justification.  Med-X's bare allegation that "GeoBlue has no reasonable justification" (FAC ¶ 72) does not meet this burden.[9]  *Saget v. Wells Fargo Bank, N.A.*, No. 2:13-03544 (WJM), 2013 WL 6188638, at *3 (D.N.J. Nov. 26, 2013) (finding plaintiff's "bare allegation" that defendant's conduct was "without basis in fact or law" was too conclusory to adequately plead justification element of a tortious interference claim).  Further, this is belied by Med-X's preceding allegation that the new policy is designed to save money for GeoBlue[10] and its affiliated insurance plans.  As explained *supra*, financial incentive is a proper, non-malicious justification.

Accordingly, Med-X's Tortious Interference Claim should be dismissed because it fails plausibly to plead GeoBlue acted with malice or without reasonable justification.

B.    *Med-X Fails Plausibly to Plead Damages*

"Economic damages are a substantive element of a tortious interference claim . . . [and t]hese damages must be identified with a certain degree of specificity." *Graco Inc. v. PMC Glob., Inc.,* No. 08–1304, 2012 WL 762448, at *17 (D.N.J. Mar. 6, 2012).

Here, Med-X asserts that it will be damaged because it will lose clients.  FAC ¶ 74.  However, "[a] plaintiff seeking damages for tortious interference may not merely suggest the possibility of lost business.  Rather it 'must allege facts that show an existing or prospective

---

[9] Though Med-X appears to suggest that *GeoBlue* is required to supply a justification in response, this is contrary to New Jersey law.  Rather, it is squarely the "plaintiff['s] burden to prove that defendants acted intentionally and wrongfully without justification. . . ." *Printing Mart-Morristown*, 563 A.2d at 39.

[10] In fact, GeoBlue's policy changes are not designed to spare it expenses, but rather to detect fraud and abuse in an effort to protect insureds.

economic or contractual relationship'. . . ." *Advanced Oral Techs., L.L.C.*, 2011 WL 198029, at

*9.  Accordingly, the "mere allegation of lost business does not suffice." *Id.* (internal quotation

marks and citation omitted); *Graco*, 2012 WL 762448, at *17 ("[C]laimed loss of . . . unknown

customers is insufficient.") (internal quotation marks and citation omitted); *see also Storis, Inc.*

*v. GERS Retail Sys., Inc.*, No. 94-4400, 1995 WL 337100, at *5 (D.N.J. May 31, 1995) (to

plausibly plead tortious interference with business relations, a "plaintiff must allege the existence

of a specific contract that was interfered with by defendant").

Med-X nowhere specifically identifies *any* existing or prospective client it purports it will

lose as a result of GeoBlue's new policy.  Instead, it relies on conclusory allegations that it "will

lose [unspecified] customers" (FAC ¶ 74) which "will result in the loss of an [undefined]

economic advantage" (*id.* ¶ 75).  These vague allegations cannot plausibly state damages due to

lost customers, and poorly pled tortious interference claims are routinely dismissed on this

ground.  *See, e.g. Am. Millennium Ins. Co. v. First Keystone Risk Retention Grp., Inc.*, 332 F.

App'x. 787, 790 (3d Cir. 2009) (upholding dismissal of tortious interference claim, and noting

that plaintiff failed to "identify a single, specific customer that [it] either lost or could have

acquired but for [defendant's] conduct."); *Metromedia Energy, Inc. v. Griffin*, No. 10-1692

(JAP), 2011 WL 4343801, at *4 (D.N.J. Sept. 13, 2011) (denying as futile defendants' motion to

amend its pleadings to add a tortious interference claim because they "fail[ed] to identify any

potential customers that they lost or could have acquired. . . .").

Accordingly, because Med-X fails plausibly to allege damages with the required

specificity, its Tortious Interference Claim should be dismissed on this independent ground.

## **CONCLUSION**

For the reasons stated herein, GeoBlue's motion to dismiss should be granted, and the

FAC dismissed in its entirety, with prejudice.

Dated: New York, New York          **FOLEY & LARDNER LLP**
          January 10, 2018

                                        By:    */s/ Jonathan L. Israel*
                                               Jonathan L. Israel
                                               Douglas S. Heffer (admitted *pro hac vice*)
                                               Benjamin I. Bassoff (admitted *pro hac vice*)
                                               90 Park Avenue
                                               New York, NY 10016
                                               Tel: (212) 682-7474
                                               jisrael@foley.com

                                               *Attorneys for Defendant*
                                               *Worldwide Insurance Services, LLC (T/N GeoBlue)*