UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MED-X GLOBAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWIDE INSURANCE SERVICES, LLC (T/N GEOBLUE), et al.<br><br>Defendants. | Civil Action No.: 17-cv-11742 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter comes before this Court on the following four motions to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted (Fed. R. Civ. P. 12(b)(6)), filed by the following Defendants:[1]

1. Worldwide Insurance Services, LLC (ECF No. 84);

2. Anthem Blue Cross of California (hereinafter "Anthem" or "Non-GeoBlue Defendants") (ECF No. 85);

3. Blue Cross and Blue Shield of Mexico, Blue Cross Blue Shield Association, Blue Cross Blue Shield of Illinois, Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Texas, Blue Cross Blue Shield of Tennessee, Highmark Blue Cross Blue Shield, Highmark Blue Cross Blue Shield Delaware (hereinafter, "Blue Cross I" or "Non-GeoBlue Defendants") (ECF No. 87);

4. Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross Blue Shield of Massachusetts, CareFirst BlueCross BlueShield, Excellus

---

[1] The following parties were dismissed by way of stipulation before the motions to dismiss were filed: Florida Combined Life Insurance Company, Blue Advantage Administrators of Arkansas, Blue Cross & Blue Shield of Mississippi, Blue Cross & Blue Shield of Nebraska. Since the motions to dismiss were filed, the following Defendants have been dismissed by way of stipulation: Arkansas Blue Cross Blue Shield, Blue Cross Blue Shield of Kansas, Blue Shield of California, Blue Cross of Idaho Health Services.

BlueCross BlueShield, Horizon Blue Cross Blue Shield of New Jersey, Premera Blue Cross, Regence Blue Shield of Idaho, Inc.'s Motion to Dismiss (hereinafter,"Blue Cross II" or "Non-GeoBlue Defendants") (ECF No. 88).

I.

Plaintiff Med-X Global, LLC ("Med-X") is an international medical billing agent whose principal business is processing medical insurance claims and receiving payment retained by medical providers located outside of the United States who provide medical care to citizens of the United States while traveling abroad. (ECF 2-2 pg. 2).

Worldwide Insurance Services, LLC ("GeoBlue") is a corporation that has served as the administrative service provider for the Blue Cross and Blue Shield Association. In its capacity, GeoBlue processes and pays claims submitted by international providers to BCBS's licensee insurance companies.

On November 16, 2017, Plaintiff filed a complaint against GeoBlue and a number of Blue Cross Blue Shield defendants for non-payment of claims who retain GeoBlue, arising under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§1000-1461 (ERISA), for Defendants' failure to produce their administrative records relating to hundreds of health insurance claims. 29 U.S.C. §1024(b), 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1 (COUNT I). (ECF No. 1 and ECF 50, ¶1). Pursuant to Title 29, Plaintiff sought several types of relief from Defendants: (1) assessment of a penalty in the amount of $110/ per day from the beginning of the violation period (July 31, 2017) (FAC ¶58); (2) temporary restraint (TRO), pursuant to Fed. R. Civ. P. 65, from undertaking actions that in fact or constructively interfere with Mex-X's business relationships including medical provider clients, and United States citizens receiving medical care from those provider clients. (COUNT II). (Id.). The TRO, listed as Count II in the complaint, was denied after oral argument on the matter. (*See* ECF No. 74). On December 12, 2017, Plaintiff filed

an Amended Complaint adding a Third Count for Tortious Interference to the initial two counts. (ECF No. 50). Since Count II was denied and dismissed, at this juncture two claims remain: Claim I (ERISA), and Claim III (Tortious Interference).

## II.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium,* 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko,* 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz,* 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted). The Court reviews Claim I and III raised in the Complaint pursuant to the above mentioned standard.

III.

In Count I, Plaintiff seeks administrative penalties under ERISA (29 U.S.C. §1132(c)(1), 29 U.S.C. §1024(b) and 29 CFR §2575.502c-1) (FAC ¶55). Plaintiff alleges that,

> 56. By June 28, 2017, and June 29, 2017, letters [...] Med-X (via undersigned counsel) asked Blue to provide the administrative record for every single patient with respect to whom Blue was denying, underpaying, or delaying payment of the related claims that Med-X was processing in the routine course of Med-X's billing agent business for foreign medical providers.
>
> 57. Although GeoBlue was/is absolutely the plan and/or claim administrator (directly or de facto) and accordingly was obligated to undertake the administrative record request production, it did not and instead pushed (or at least so says Geoblue in writing) the administrative record requests along to all the other Blue entities captioned as Defendants above.

(FAC ¶¶56-57). Based upon those facts, Plaintiff seeks damages, penalties, and attorney's fees. Generally, Defendants argue that Plaintiff failed to provide sufficient facts in support of a prima facie claim under ERISA, and, more specifically, failed to prove that any of the Defendants were plan administrators, thus subject to the ERISA requirements.

ERISA governs the rights and obligations of participants and beneficiaries of employee pension benefit plans. Under ERISA, a claim "administrator [may] be held personally liable to a participant or beneficiary for noncompliance with the participant's or beneficiary's request for

4

covered information." *In re Wargotz v. NetJets, Inc.*, No. CIV.09-4789(WJM), 2010 WL 1931247, at *2 (D.N.J. May 13, 2010). *See* 29 U.S.C. 1132(c)(1)(B); and See 29 U.S.C. § 1321(a)(1)(A). Generally, ERISA (Section 502(c) (1)(B)) "imposes liability for an administrator's violation of disclosure requirements;" and Section 502(a)(1)(B) . . . allows a participant or beneficiary to bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. CIV.A. 13-552 ES, 2015 WL 3938925, at *4 (D.N.J. June 25, 2015), aff'd, 650 F. App'x 106 (3d Cir. 2016). To state a claim for relief under Section 502(c)(1)(B), a plaintiff must allege: (1) that he is a plan participant or beneficiary; (2) that he has made a written request to a plan administrator for information that falls within the purview of ERISA's disclosure requirements; and (3) that the plan administrator failed to provide the requested documents within thirty days of the written request. *See* 29 U.S.C. § 1132(c)(1)(B). *In re Wargotz*, 2010 WL 1931247, at *3. Failure to provide the requested documents results in violation of ERISA (29 U.S.C. 1024(b)).[2]

The Defendants aver a number of arguments including (1) the Complaint does not set forth a clear plain statement of the cause of action (2) Med-X is not a plan participant; and (3) GeoBlue is not a plan administrator.

First, non-GeoBlue Defendants argue that the Complaint is vague because the Complaint does not allege precisely the wrongful conduct in which they allegedly engaged. As it stands, Plaintiff mailed written requests for documents and information to GeoBlue. The only cause of

---

[2] Section 1024(b)(4) mandates that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

5

action pled against non-GeoBlue Defendant is that they failed to timely produce documents required by ERISA 104(b) and are thus liable for administrative penalties. Yet the Complaint fails to specify which documents were requested, or the dates of each request. (BlueCross II pg. 6). Plaintiff brought claims against more than 25 Defendants but the Complaint fails to identify the specific document not produced by each defendant, or the specific information of when and to whom the request for documents was made. In a case such as this where Plaintiff is seeking a per diem penalty for the failure to provide a document, the specifics of the underlying facts in support of a penalty should be set forth. As such, the Court finds that there is a lack of factual support setting forth a plain clear statement of a cause of action. Fed. R. Civ. P. 8(a).

Second, GeoBlue argues that it is not a plan administrator, or defend under ERISA, and as such, the penalty provision does not apply to it. In addition, GeoBlue contends that the theory that GeoBlue is a "de facto" plan administrator is not a recognized legal principle, and it should be dismissed.

Based on the facts provided by Plaintiff in the Amended Complaint, GeoBlue is not a plan administrator. "For the purposes of assessing statutory penalties under Section 502(c)(1), claims are proper only as against the plan administrator." *Mazzarino v. Prudential Ins. Co. of Am.*, No. No. 13–4702, 2015 WL 1399048, at *10 (D.N.J. March 26, 2015). "In the context of ERISA, the term 'administrator' means 'the person specifically so designated by the terms of the instrument under which the plan is operated' or, 'if an administrator is not so designated, the plan sponsor,' or 'in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.'" *Piscopo*, 2015 WL 3938925, at *4 (quoting 29 U.S.C. § 1002(16)(A)).

In the Amended Complaint, Med-X stated with regards to GeoBlue,

6

> Upon information and belief, [GeoBlue] was at all material times an insurance company administrator (e.g., claim processor, claim decision-maker, and claim payor on behalf of "local carriers such as the above-captioned Defendants, like Horizon. i.e., contracted by Blue Cross Blue Shield Association to act as the "host plan" for "local" carriers relation to medical claims submitted by non-U.S. providers) …

(FAC ¶3). And also "GeoBlue was/is absolutely the plan and/or claim administrator (directly or de facto) and accordingly was obligated to undertake the administrative record request production." (FAC ¶57).

Simply stating that Defendant is an administrator "is conclusory and not sufficient to state a claim for relief that is plausible on its face." *Piscopo v. Pub. Serv. Elec. & Gas Co.*, 650 F. App'x 106, 110 (3d Cir. 2016). Med-X needs to provide some support to the claim that GeoBlue is the plan administrator for the claims at issue.

In its opposition Med-X "[a]dmits it is unknown if GeoBlue is defined as a 'plan administrator' under the hundreds of plans/policies at issue." (Opp. pg. 7). Plaintiff blames this lack of information on GeoBlue's refusal to provide the documents requested pursuant to Section 1024(b)(4). Plaintiff bears the burden of alleging and supporting that GeoBlue is a plan administrator. Med-X has failed to do so and concedes its lack of knowledge.

In the alternative, Med-X proposes the argument that Geo-Blue is a de facto administrator of the claims, thus subject to the requirements of ERISA. Med-X argues GeoBlue may not be a plan administrator, but it is acting like one. The de *facto theory* has been rejected by at least one other court. In *Campo v. Oxford Health Plan*, Plaintiff conceded that Defendant was not the plan administrator, but argued that Defendant served as ERISA plan's *de facto* administrator and thus could be held liable under Section 502(c). *Campo v. Oxford Health Plans, Inc.*, 2007 U.S. Dist. LEXIS 45804, *13 (D.N.J. Jun. 26, 2007). In *Campo*, the Court held

> While the Third Circuit has not yet ruled on the issue of the de facto plan administrator theory, this Court notes that the majority of Courts of Appeals that

7

> have addressed this issue have rejected this theory. *See Ross*, 285 F.3d at 743-44 (Eighth Circuit); *see also Jones v. UOP*, 16 F.3d 141, 144-45 (7th Cir. 1994)("The First Circuit, and possibly the Fifth and Eleventh, are willing to deem nonadministrators 'de facto' plan administrators; the other circuits (except the Third and the Eighth, which have not been heard from on this issue) are not."); *Lee v. Burkhart*, 991 F.2d 1004, 1010 (2d Cir. 1993); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403-05 (10th Cir. 1993); *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992); *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 617-18 (6th Cir. 1992); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296 (9th Cir. 1989); *but see Law v. Ernst & Young*, 956 F.2d 364, 373 (1st Cir. 1992); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992). This Court declines to adopt the minority view recognizing a non-administrator as the de facto plan administrator that can be held liable under Section 502(c). To do so would require the Court to ignore the statutory language that imposes a duty on the plan's "administrator" alone.

*Id.* at *13-14.

In accordance with the *Campo* decision, this Court rejects Med-X proposed theory of holding GeoBlue liable as a *de facto* administrator.

Third, Defendants argue that the claim must be dismissed because Med-X has not alleged that it is a plan participant as defined by ERISA, and therefore has no right to bring a claim for penalties.

At first glance, Med-X does not appear to be a plan participant. ERISA defines a participant, in relevant part, as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ... or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Med-X argues that it is a designee of an assignee and that "in many instances, the Plaintiff as well as the medical provider are the assignees listed in the assignments of benefits." (Opp. pg. 28). The alleged "assignee" status mentioned by Med-X is not clearly set forth in the Complaint. Assignment is mentioned in the Amended Complaint at paragraph 42, which states,

> At all material times, Med-X was billing agent that serviced thousands of claims related to domestic insured who had received medical care from dozens of medical providers (e.g., hospitals, ambulances) located abroad, such as in Mexico. To be clear, the

8

> medical providers (all of whom hold valid assignments/authorizations from the domestic insured patients) are Med-X's clients (as Med-X holds valid contracts with all such medical providers).

Further proof as to the relationship between Plaintiff and each participant is necessary to support this blanket statement. The allegation in paragraph 42 of the Complaint is conclusory since it is not backed up by any clear legal analysis.

In conclusion, the motion to dismiss Claim I by all Defendants is granted for failure to state a claim.

## IV.

In Count III, Plaintiff alleges a tortious interference claim. Med-X alleges the following facts with regards to this claim:

> 65. Med-X has ongoing business relations with various international medical service providers.
>
> 66. Those business relations provide Med-X with a financial benefit.
>
> 67. Defendant Worldwide Insurance Services, LLC (trade name = GeoBlue) is aware of the business relations between Med-X and the international medical services providers and the financial benefit enjoyed by Med-X as a result of the relationships.

(FAC ¶¶65-67).

Plaintiff alleges by way of a list how GeoBlue "intend[ed] to internationally interfere in Med-X/provider relationships":

> a. By refusing to pay claims directly to Med-X as requested by Med-X and the international medical service providers;
> b. By refusing to release Guarantees of Payment to Med-X as requested by Med-X and the international medical service providers;
> c. By refusing to provide Explanations of Benefits to Med-X as requested by Med-X and the international medical service providers; and
> d. By refusing to "interact" with Med-X with regards to claims as requested by Med-X and the international medical service providers.

(Id. ¶68). Plaintiff alleges that the above-mentioned actions were taken by GeoBlue intentionally and undertaken with malice "in an effort to put the international medical billing industry out of business in order to save money for GeoBlue and its associated health insurance carriers." (FAC ¶71). Plaintiff supports that as a result of these action, it "will lose most, if not all, of its international medical service provider clients," which in turn will result in the "loss of an economic advantage that Med-X would otherwise enjoy." (Id. ¶¶74-75). Thus, Plaintiff will suffer damages. (Id. ¶76).

"To state a claim for tortious interference with prospective economic advantage under New Jersey law, a plaintiff must allege: '(1) a reasonable expectation of economic advantage from a prospective contractual or economic relationship; (2) the defendant intentionally and maliciously interfered with the relationship; (3) the interference caused the loss of the expected advantage; and (4) actual damages resulted.'" *New Skies Satellites, B.V. v. Home2US Communs., Inc.*, 9 F. Supp. 3d 459, 472 (D.N.J. 2014) (quoting *Am. Leistritz Extruder Corp. v. Polymer Concentrates, Inc.*, 363 Fed. Appx. 963, 967 (3d Cir. 2010)). For purposes of this tort, "malice is defined to mean the harm was inflicted intentionally and without justification or excuse." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751, 563 A.2d 31, 37 (N.J. 1989) (citing *Rainier's Dairies v. Raritan Valley Farms, Inc.*, 19 N.J. 552, 563, 117 A.2d 889 (N.J. 1955)).

In this claim, as in Claim I, Plaintiff's allegations against non-GeoBlue Defendants are unclear. Further, with respect to GeoBlue, Plaintiff does not provide evidence that Defendant was acting with malice or without reasonable justification. The non-GeoBlue defendants have a contract between them and the participants, so defendants have a right to administer their Plans in accordance with this contract. Based on the facts provided, GeoBlue's actions appear to have been formed by the non-GeoBlue defendants to save money and provide more readily available benefit

decisions. Thus, it is motivated by business reasons leading to competition rather than interference. Overall, there is no clear plain statement of a cause of action, leading to the dismissal of this Count as well.

For the reasons above, Plaintiff's Amended Complaint is dismissed against all Defendants.

## ORDER

This matter is before the Court on Defendants' motions to dismiss [ECF No. 84; 85; 87; 88]; the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 25th day of April, 2018;

**ORDERED** that Defendants motions to dismiss [ECF No. 84; 85; 87; 88] are GRANTED; and it is further,

**ORDERED** that Plaintiff may file an amended complaint within 30 days from the date of this order.

_____
PETER G. SHERIDAN, U.S.D.J.

11