# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MED-X GLOBAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWIDE INSURANCE SERVICES, LLC (T/N GEOBLUE), et al.<br><br>Defendants. | Civil Action No.: 17-cv-11742 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

Presently before the Court are Defendants' Horizon Blue Cross Blue Shield of New Jersey, CareFirst of Maryland, Inc., Regence BlueShield of Idaho, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross Blue Shield of North Carolina, Premera Blue Cross, and Excellus Health Plan, Inc. d/b/a Excellus Blue Cross Blue Shield Motion to Dismiss (ECF No. 142) and Defendants' Health Care Service Corporation (named as Blue Cross Blue Shield of Illinois and Blue Cross Blue Shield of Texas), Highmark Inc. (named as Highmark Blue Cross Blue Shield), and Blue Cross Blue Shield Delaware Inc. (named as Highmark Blue Cross Blue Shield Delaware) Second Motion to Dismiss (ECF No. 146). For the purposes of clarity, the Court will refer to the above-named defendants as the "Blue Defendants."

Previously, the Court noted several deficiencies in Plaintiff's first amended complaint, and granted Defendants' motion to dismiss for failure to state a claim upon which relief could be granted. (ECF No. 117). The Court thereafter allowed Plaintiff to file a second amended complaint. In the second amended complaint, Plaintiff, a medical billing agent, alleges that healthcare

1

providers outside of the United States provided services to patients with healthcare coverage either supplied by or administered by the Blue Defendants, and Plaintiff processed those claims on behalf of citizens of the United States who received medical care while traveling abroad. (Second Amended Compl. ("SAC"), ECF No. 134, at ¶ 22). Plaintiff alleges that in January 2017, the Blue Defendants implemented a new procedure for processing claims, where GeoBlue (a corporation that serves as the administrative service provider for the Blue Cross and Blue Shield Association) would "handle" the international claims for the Blue Defendants. (*Id.* at ¶ 25). Plaintiff further alleges that this decision made "business incredibly difficult on Med-X so as to augment Blue's corporate profit by way of delaying claims, denying/underpaying claims, and defending claims," and that it required additional documentation before processing claims that were submitted by Med-X. (*Id.* at ¶ 26).

Plaintiff alleges that on June 28 and 29, 2017, it sent letters to GeoBlue which concerned claims that GeoBlue had allegedly "denied, underpaid, or not yet decided." (*Id.* at 28). The letters, in part, requested the "entire administrative record" for every single patient and the patient's claims that had been denied, underpaid, or had been delayed by non-decision. (*Id.* at ¶¶ 28, 36). In response to the letters, GeoBlue informed Plaintiff that it would "pass those requests on to the applicable Home Licensees [the Blue Defendants] for handling." (*Id.* at ¶ 30). Plaintiff claims that it has not received any administrative record in response to its request. (*Id.* at ¶ 31).

Plaintiff's Second Amended Complaint raises two claims: (1) Petition to Compel Production of Administrative Records and Recovery of Administrative Penalty under ERISA, 29 U.S.C. § 1024(b), 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 (Against all Defendants); and (2) Tortious Interference with Prospective Economic Advantage (Against GeoBlue). Prior to

the return date of the present motion, Plaintiff and GeoBlue reached a settlement agreement; accordingly Count I is the only issue remaining before the Court. (ECF No. 169).

I

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit set forth a three-part analysis for determining whether a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see*

*also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

II

Under 29 U.S.C. § 1024(b)(4), the "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." Section 502(c)(1) of ERISA imposes a statutory penalty of up to $110 per day for any administrator who fails to or refuses to comply with a request for any information that the administrator is required to furnish to a participant or beneficiary, within thirty days after such a request. *See* 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

To state a claim under Section 502(c)(1), "a plaintiff must allege that 1) it made a request to a plan administrator, 2) who was required to provide the requested material, but 3) failed to do so within 30 days of the request." *Spine Surgery Assocs. & Discovery Imaging, P.C. v. INDECS Corp.*, 50 F. Supp. 3d 647, 656 (D.N.J. 2014) (citing *Narducci v. Aegon USA, Inc.*, No. 10-955, 2010 U.S. Dist. LEXIS 134514, at *3 (D.N.J. Dec. 15, 2010)). "As a penal statute, the terms of § 502(c)(1) must be 'construed strictly,' and thus, a plaintiff seeking relief under § 502(c)(1) must demonstrate compliance with each of these statutory requirements." *Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, No. 17-2055, 2018 U.S. Dist. LEXIS 90422, at *24 (D.N.J. May 31, 2018) (quoting *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Ben. Pension Plan*, 24 F.3d 1491, 1505 (3d Cir. 1994)).

First, "[f]or the purposes of assessing statutory penalties under Section 502(c)(1), claims are proper only as against the plan administrator." *Mazzarino v. Prudential Ins. Co. of Am.*, No. 13-4702, 2015 U.S. Dist. LEXIS 38351, at *27 (D.N.J. Mar. 26, 2015). "Administrator" is defined to mean:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

*Spine Surgery Assocs. & Discovery Imaging, P.C.*, 50 F. Supp. 3d at 656.

The SAC states:

> 37. Although GeoBlue was/ is the plan and/ or claim administrator (directly or *de facto*) and accordingly was obligated to undertake the administrative record request production, it did not and instead passed (or at least so said GeoBlue's counsel in writing) the administrative record requests along to all the other Blue entities captioned as Defendants above.

(SAC, ¶ 37). Here, Plaintiff has failed to show it made a request to a *plan administrator*, as required under ERISA. In dismissing the First Amended Complaint, it was explained "Plaintiff bears the burden of alleging and supporting that GeoBlue is a plan administrator. Med-X has failed to do so and concedes its lack of knowledge." (Mem. Op., April 25, 2018, ECF No. 117, at 7). Plaintiff's SAC suffers the same fatal flaws as its First Amended Complaint: Plaintiff has failed to show that GeoBlue, *or any Blue Defendant*, are administrators of the plan. Plaintiff argues that GeoBlue was the de-facto plan administrator for the Blue Defendants. However, this Court has rejected Plaintiff's arguments regarding de facto plan administrators.[1] Even more, Plaintiff

---

[1] *Campo v. Oxford Health Plans, Inc.*, 2007 U.S. Dist. LEXIS 45804, *13 (D.N.J. Jun. 26, 2007), which rejected the de facto theory, explaining "[t]his Court declines to adopt the minority view recognizing a non-administrator as the de facto plan administrator that can be held liable under

5

concedes in its SAC that it never made any request directly to the Blue Defendants. (*See* SAC, at ¶¶ 28-30).

Defendants further argue that Plaintiff's complaint fails to state a claim under as ERISA because ERISA requires only plan administrators to furnish plan documents to plan beneficiaries or participants. As Plaintiff is neither a beneficiary nor participant to the plans, nor has any assignment of rights occurred, Plaintiff lacks standing to bring these claims. Plaintiff argues in response that it does not need standing to bring this action under ERISA, and instead "Count I sounds in Med-X's right (as a hired domestic billing agent by foreign entities) to process claims and exchange/receive germane claim documentation/information (the subject of Count I) so as to be able to do its job for its clientele . . . When this matter gets to the point of recovering insurance benefits . . . well then, perhaps there can be a standing debate." (Pl. br. at 20).

Plaintiff is incorrect. 29 U.S.C. § 1024(b)(4) is very clear: "*the administrator* shall, upon written request of *any participant or beneficiary*, furnish a copy of the latest updated summary, plan description, and the latest annual report . . . ." (emphasis added). Accordingly, the ERISA penalties under Section 502(c)(1) attach for a violation of 29 U.S.C. § 1024(b)(4) only where a *plan beneficiary or plan participant* makes a request upon *a plan administrator* to furnish plan documents, and *the plan administrator* refuses or fails to furnish same within thirty days. Finally, at oral argument, Plaintiff's counsel argued that it may bring these claims under "contract law" and various state statutes. However, in its SAC, Plaintiff brings a claim to compel production of administrative records and for recovery of administrative penalty under ERISA. Plaintiff has not adequately explained how, if at all, it has any claims under "contract law" or state statutes.

---

Section 502(c). To do so would require the Court to ignore the statutory language that imposes a duty on the plan's 'administrator' alone." Mem. Op., April 25, 2018, ECF No. 117, at 7-8.

In short, Plaintiff has failed to show under ERISA: (1) that Med-X is a plan beneficiary or plan participant, or it was assigned those rights; and (2) that the Blue Defendants are plan administrators required to provide such documents to plan beneficiaries or plan participants. Accordingly, Count I of Plaintiff's SAC is dismissed with prejudice.

## ORDER

This matter is before the Court on Defendants' motions to dismiss (ECF Nos. 142 and 146); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 30th day of April, 2019;

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 142 and 146) are **GRANTED**.

PETER G. SHERIDAN, U.S.D.J.